UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| CLUBSPECIALISTS INTL., LLC,<br>    Plaintiff,<br><br>v.<br><br>KEENELAND ASSOCIATION, INC.,<br>    Defendant,<br><br>and<br><br>KEENELAND HOSPITALITY, LLC,<br>    Intervenor Defendant. | CIVIL NO. 5:16–CV–345–KKC<br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Intervenor Defendant Keeneland Hospitality, LLC's, motion for summary judgment on damages. (DE 97). The Court previously ruled that ClubSpecialists violated the Phase 2 Agreement by making secret payments to Bryan O'Shields, thereby breaching its duty of good faith and fair dealing and aiding and abetting O'Shields' breach of his fiduciary duties to Keeneland. (DE 94 at 20 □ 2 (Counts II, III, and V)). The Court, however, denied summary judgment to Keeneland as to its first intervening counterclaim that ClubSpecialists failed to otherwise perform its duties under the Phase 2 Agreement. (DE 94 at 13–14). Here, as a result of the Court's ruling, Keeneland requests the Court to award it $353,964.68 in damages, plus post-judgment interest and costs. For the reasons that follow, the Court denies Keeneland's motion.

Under Kentucky law, the proper measure of damages for breach of contract is that "sum which will put the injured party into the same position he would have been in had the contract

1

been performed." *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995). The proper measure for damages for aiding and abetting the breach of fiduciary duties is the amount of damages "caused by the actual breach of those duties." *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 201 (Ky. 2013). The parties do not dispute that these measures of damages should apply in this case. (DE 97-1 at 3; DE 98 at 4).

Keeneland Hospitality paid ClubSpecialists $353,964.68 following ClubSpecialists first secret payment to Brian O'Shields in December 2015. (DE 78 at 1 ☐ 1 (Keeneland Hospitality is the wholly-owned subsidiary of Keeneland Association, Inc.); DE 94 at 3; DE 97-6; DE 97-7; DE 97-8). ClubSpecialists does not dispute this amount. (DE 98). Rather, ClubSpecialists correctly notes that it is entitled to a setoff from this amount determined by the fair market value of the services ClubSpecialists provided to Keeneland during the relevant period. (DE 98 at 4; *see also Ford Contracting, Inc. v. Kentucky Transp. Cab.*, 429 S.W.3d 397, 407 (Ky. Ct. App. 2014) (the damages calculation "includes compensation for work already performed and expenses incurred")). It is true that the proper sum of damages is the amount that would put Keeneland Hospitality back in the same position it would have been in had ClubSpecialists performed its duties under the contract. *Hogan v. Long*, 922 S.W.2d 368, 371 (Ky. 1995). Here, however, Keeneland has already received the benefit of its bargain with ClubSpecialsts. ClubSpecialists rendered services in its execution of the Phase 2 Agreement, and Keeneland paid the fair market value of those services at a price to which the parties agreed in the contract. (DE 83-2 at 5; DE 84-2 at 5). The Court has not ruled otherwise. (DE 94 at 13–14; 20 ☐ 2 (Counts II, III, and V)). As such, at this time, the Court declines to award damages of any amount to Keeneland.

Keeneland has not demonstrated and does not argue for any damages flowing from an injury to its reputation as a result of the secret payments to O'Shields. *See Baptist Physicians*

*Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189, 201 (Ky. 2013). Likewise, Keeneland has not shown and does not argue here that ClubSpecialists' duties were not performed or that ClubSpecialists' expenses were inflated. (DE 97). As such, if there are damages to be awarded in this case, they will flow from Keeneland's remaining first intervening counterclaim, which Keeneland must prove at trial. (DE 94 at 14 ("[A] genuine dispute as to the material facts exists for Keeneland Hospitality's first breach of contract counterclaim.")). Accordingly,

**IT IS ORDERED** that Keeneland Hospitality, LLC's, motion for summary judgment on damages, (DE 97), is **DENIED**.

Dated November 26, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY